UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
WILKENSON FRANCOIS,

                 Plaintiff,              **MEMORANDUM AND ORDER**

          -against-                     24-CV-05223 (LDH) (JRC)

GABRIEL F. RICHMAN,

                 Defendant.
----------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

      Plaintiff Wilkenson Francois, appearing pro se, brings this action against Gabriella F. Richman,[1] a Support Magistrate in the Kings County Family Court, for violations of 18 U.S.C. §§ 242, 245 and 42 U.S.C. § 1983 ("Section 1983"). (*See* Compl., ECF No. 1.) Plaintiff filed the complaint in the United States District Court for the Southern District of New York, which transferred the matter to this Court. (*See* ECF No 5.) Plaintiff's request to proceed *in forma pauperis* ("IFP"), (*see* ECF No. 2), is granted. For the reasons stated below, Plaintiff's complaint is dismissed.

## BACKGROUND

      This action arises from Plaintiff's proceeding in Kings County Family Court. (*See generally*, Compl.) Plaintiff alleges that Support Magistrate Richman violated his constitutional rights by entering a monetary judgment against him for the collection of child support. (*See* Compl. at 92–96.) According to Plaintiff, Support Magistrate Richman's "findings and orders suffer from procedural inaccuracies and incomplete evidence consideration." (*Id*. at 9.) Plaintiff

---

[1] The Court notes that Plaintiff refers to Support Magistrate Richman as both Gabriel and Gabriella and that the attached family court documents indicate that the Support Magistrate is Gabriella F. Richman.

1

requests that the Court vacate the support order and modify the terms of payment of his child support obligations. (*Id*. at 6.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Iqbal*, 556 U.S. at 678. While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the [c]ourt's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the [c]ourt must merely determine whether the complaint itself is legally sufficient, and in doing so, it is well settled that the [c]ourt must accept the factual allegations of the complaint as true." *Id*. (internal citation omitted).

Moreover, where, as here, a plaintiff is proceeding *pro se*, their pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)). This is "particularly so when the *pro se* plaintiff alleges that [their] civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the

speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Nonetheless, a district court may dismiss a *pro se* action *sua sponte*, even if the plaintiff has paid the Court's filing fee, if it determines that the action is frivolous or that the Court lacks subject matter jurisdiction. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (affirming *sua sponte* dismissal of frivolous *pro se* complaint where *pro se* plaintiff had paid the required filing fee). An action is frivolous when "either (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;' or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam)). A finding of frivolousness is appropriate "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## DISCUSSION

### A. Claims Brought Under Criminal Statutes

Plaintiff seeks to invoke the Court's federal question jurisdiction by bringing claims under the criminal statutes 18 U.S.C. §§ 242 and 245. However, it is well-settled that "crimes are prosecuted by the government, not by private parties." *Hill v. Didio*, 191 F. App'x 13, 15 (2d Cir. 2006) (citing *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972); *see also Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (holding that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another). As such, Plaintiff's claims must be dismissed because 18 U.S.C. §§ 242 and 245 do not provide a private

right of action. *See, e.g., Compton v. Pavone*, No. 21-931, 2022 WL 1039966, at *1 (2d Cir. Apr. 7, 2022) (noting that there is not a private right of action under 18 U.S.C. § 245); *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009) ("[C]laims based on the violation of federal criminal statutes, such as 18 U.S.C. §§ 241–242 . . . are not cognizable, as federal criminal statutes do not provide private causes of action."); *Jimenez v. Chung*, No. 22-CV-3090, 2023 WL 2561789, at *3 (E.D.N.Y. Mar. 17, 2023) (noting that there is not a private right of action under criminal statutes 18 U.S.C. §§ 241 and 242); *Foskey v. Corp. State of New York*, No. 22-CV-2546, 2022 WL 3228271, at *3 (E.D.N.Y. Aug. 10, 2022) (same).

### B. Claims Under Section 1983

U.S.C. § 1983, provides, in relevant part, that:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

42 U.S.C. § 1983. To maintain a Section 1983 action, a plaintiff must show that the defendant (1) acted under color of state law (2) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1984)). To the extent Plaintiff seeks monetary damages under 42 U.S.C. § 1983 against Support Magistrate Richman, any such claim is barred by judicial immunity. That is, judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted); *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have

4

absolute immunity from suits for money damages for their judicial actions."). This absolute judicial immunity extends to Support Magistrates in Family Court. *See Lomtevas v. Cardozo*, No. 05-CV-2779, 2006 WL 229908, at *5 (E.D.N.Y. 2006); *see also Hart v. Thompson*, 23-CV-3289, 2023 WL 3949041, at *5 (S.D.N.Y. 2023).

Plaintiff's claims under Section 1983 against Support Magistrate Richman arise from her alleged actions and rulings during Plaintiff's Kings County Family Court proceedings. (*See generally*, Compl.) Plaintiff fails to allege any facts showing that, in taking those actions and making such rulings, Support Magistrate Richman acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11–12. Therefore, Plaintiff's claim is barred by absolute immunity and deemed frivolous. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

Moreover, to the extent that Plaintiff asserts a claim for injunctive relief under Section 1983 against Support Magistrate Richman, this claim is also precluded. Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *see also Fontil v. Swain*, No. 23-CV-5528, 2023 WL 4897056, at *2 (S.D.N.Y. Aug. 1, 2023). Plaintiff does not allege that Support Magistrate Richman violated a declaratory decree or that declaratory relief is unavailable.

### C. The *Younger* Abstention Doctrine

In addition, to the extent that Plaintiff's child support proceedings are pending in the state court, this Court may not intervene in the pending proceedings. The Supreme Court in *Younger*

5

*v. Harris* held that that federal courts are forbidden from "stay[ing] or enjoin[ing] pending state court proceedings except under special circumstances," such as circumstances where Plaintiff makes a showing of bad faith, harassment, or immediate irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 41, 43, 49 (1971). Plaintiff has not alleged any facts showing bad faith, harassment, or irreparable injury that is both serious and immediate has occurred with respect to his Kings County Family Court child support proceedings. Thus, to the extent that Plaintiff asks this Court to intervene in those pending proceedings, the Court dismisses his claims under the *Younger* abstention doctrine.

### D. The Domestic Relations Abstention Doctrine

Federal courts must abstain from exercising federal question jurisdiction over claims involving domestic relations issues, such as child support. *Donahue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) (affirming the district court's conclusion that "it lacked jurisdiction to invalidate or otherwise review the state court's decision affirming the modification of [Plaintiff's] child support payments"); *see also Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (holding that the domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees"). Here, to the extent that Plaintiff challenges the enforcement of his child support obligations, this Court lacks jurisdiction under the domestic relations abstention doctrine.

### CONCLUSION

For the reasons stated above, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as barred by absolute judicial immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii). The Court declines to grant leave to amend as it finds that amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011) (affirming district court decision to dismis*s pro se* complaint without

leave to amend where amendment would be futile); *see also Dixon v. Raymat*, No. 22-CV-10910, 2023 WL 2917309, at *5 (S.D.N.Y. Apr. 11, 2023) (denying pro se plaintiff leave to amend where plaintiff's claims were barred by judicial immunity).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed enter judgment in each case, close each case and mail a copy of this Order to Plaintiff.

SO ORDERED.

                                                      /s/ LDH
                                       LaSHANN DeARCY HALL
                                       United States District Judge

Dated: Brooklyn, New York
       April 24, 2025